• TaxiIAEEBBO, J.
The plaintiff brings a petitory action against the .defendant, to recover a certain lot of ground in the city of New Orleans. He avers that he acquired title to the property sued for, by virtue of a probate sale of the property of the succession of Henry A. Renneberg. deceased, made by the sheriff of the parish of Orleans, on the 16th day of February, 1860, at which sale he became the purchaser of the lot in controversy. He asks to be decreed the owner of the said lot; to he put in possession of it, and that he have judgment against defendant for rents, etc. The defendant opposes a prior title, derived from a tax sale, made on the 13th of December, 1859, under the provisions of .statute No. 285, enacted by the Legislature in 1858, which statute provides for the sale of lands for taxes within the parish of Orleans. He prays to be adjuged owner of the lot of ground, or that he recover from plaintiff $650, the value of improvements made by him on the premises, and to be reimbursed the amount he paid for taxes against the property. He pleads, also, the prescription of five years.
The plaintiff had judgment for the lot of ground, and the defendant appealed.
During the progress of this suit in the lower Court, the plaintiff’s attorney being absent when the case was called, a judgment of nonsuit was rendered. Subsequently, on a rule taken by plaintiff, the cause was reinstated and a new trial granted. On the trial of the rule, plaintiff offered evidence to prove that, at the time the case was called, his attorney was engaged in the trial of a case in the Third District Court. The evidence was objected to,- but the objection was overruled and the testimony admitted, to which the defendant reserved a hill of exceptions. The Judge below ruled that the presence of an attorney within the building in which the Court sits is an appearance, within the meaning of Article 536 of the Code of Practice. It further appears that it is the custom in that Court-for a crier to be sent to notify the attorney, when he is not in the courtroom at the time the cause is to be taken np. This, it seems, was done in the present case, hut without effect, as the crier did not find the attorney, although he was in one of the court-rooms of the building at the' time, and, consequently, he did not receive notice, as he had a right to expect, according to the established usage. We think the Court did not err in admitting the evidence.
*26 In tlie proceedings had for the sale of the lot of ground for taxes, a curator ad hoc was appointed to represent Renneberg. The act of 1858 requires, in such proceedings, that a curator ad hoc shall be appointed to represent the absent or unknown owner. This sale took place, as we have seen, in December, 1859. Prom the mortuary proceedings in regard to-his estate, it appears that Renneberg died in 1856, and his name is given in the executory proceeding taken to have the lot of ground sold for. arrearages of taxes-. A curator to his estate had been appointed a few days before the tax sale took place. The provisions of the act of 1858 would not, in our view of the state of facts, authorize the appointment of a curator ad hoc. As the essential requisites of proper parties and notice are wanting, all the subsequent proceedings are without effect, and the defendant without a valid title.
The plea of prescription is not tenable.
The act of 1855, invoked in this case, applies to informalities in auction and judicial sales, and not to radical defects inherent in the proceedings.
We think the defendant entitled to the value of the improvements made-by him on the lot of ground. These are shown to be worth five hundred and fifty dollars.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided a. d reversed; and it is further ordered, adjudged and decreed, that plaintiff have judgment decreeing him to be the owner of the property described in his petition, and entitled, as against the defendant, to the possession of the same; and that he be put in possession of the lot of ground and premises in controversy, upon paying the defendant five hundred and fifty dollars, the value of the improvements made by him on the lc t; that no writ of possession issue in this case until said sum shall have been paid or tendered, and that, if not paid or tendered within sixty days after the filing of this decree in the Court, of the first instance, the defendant may issue execution for the same.